**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0631, <u>State of New Hampshire v. John Edward Barbuto</u>, the court on September 17, 2018, issued the following order:**

The State's motion to strike all documents attached to the defendant's brief that were not admitted at trial by the trial court is granted.

Having considered the briefs and those portions of the record properly submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm. The defendant, John Edward Barbuto, appeals his conviction, following a bench trial in the Circuit Court (<u>Gordon</u>, J.), on a charge of driving under the influence. <u>See</u> RSA 265-A:2 (2014). We construe his brief to contend that: (1) the evidence was insufficient to convict him; (2) the trial court erred by considering his refusal to submit to a chemical breath test; (3) he was injured during his arrest; and (4) his attorney was ineffective.

We first address whether the evidence was sufficient to support the defendant's conviction. We assume, without deciding, that this issue is preserved. When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences from it in the light most favorable to the State. <u>State v. Sanborn</u>, 168 N.H. 400, 412 (2015). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. <u>Id</u>. We examine each evidentiary item in the context of all the evidence, not in isolation. <u>Id</u>. at 413. Further, the trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. <u>Id</u>. Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is <u>de novo</u>. <u>State v. Cable</u>, 168 N.H. 673, 677 (2016).

In this case, the state trooper who arrested the defendant testified that: (1) he smelled alcohol on the defendant's breath; (2) the defendant told him that he put a cough drop into his mouth to mask the smell of the alcohol; (3) the defendant's eyes were glassy and bloodshot; (4) the defendant was slurring his words; (5) the defendant's performance on three standardized and two non-standardized field sobriety tests indicated that he was impaired; (6) a drink containing alcohol and ice was on the front passenger seat, and the defendant said that he had moved it from the center console so the trooper would not see it;

and (7) the defendant refused the trooper's request to take a chemical breath test, stating, "Why am I going to do this to help you out?"

Although the defendant provided contradictory and explanatory testimony, the trial court was free to believe the trooper. See State v. Saunders, 164 N.H. 342, 356 (2012) (stating that we defer to trial court's credibility determinations). On this record, we conclude that the evidence, viewed in the light most favorable to the State, was sufficient to support the trial court's determination that the defendant was driving under the influence. See Sanborn, 168 N.H. at 412. To the extent that the defendant argues that he was injured during the arrest, he has not established why that fact is material to whether he was driving under the influence. To the extent that the defendant argues that the trial court erred by considering his refusal to submit to a breath test, RSA 265-A:10 (2014) authorizes the trial court to do so.

To the extent that the defendant argues that the fact that the trooper put the wrong year on a form called into question the trooper's judgment, we decline to address this argument because the defendant did not raise it in the trial court. See State v. Brum, 155 N.H. 408, 417 (2007). Nor can we say, after reviewing the record, that the argument raises a plain error affecting the defendant's substantial rights. See Sup.Ct. R. 16-A.

To the extent that the defendant argues that his trial counsel was ineffective, we have been directed to no part of the record that sets forth whether or not trial counsel's challenged conduct was part of a reasonable trial strategy; accordingly, we decline to address this argument. See State v. Thompson, 161 N.H. 507, 527 (2011) (stating direct appellate review of ineffective assistance of counsel claim permitted only in extraordinary case where factual basis of claim appears indisputably on trial record). This ruling is without prejudice to any proper collateral proceeding. See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2